**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____

COOL INTERNATIONAL HOLDINGS
LTD, a British Virgin Islands
Incorporated company, individually
and derivatively in the right and for
the benefit of BE TAG HOLDINGS LIMITED,
a St. Lucia International Business Company,

    *Plaintiff,*

v.

BLUE EQUITY PETROHOLDINGS, LTD.,
a St. Lucia International Business Company;
BLUE EQUITY LLC; JONATHAN BLUE,
an individual; DAVID ROTH, an individual;
and MAUREEN SMITH, an individual,

    *Defendants.*

_____/

## **DEFENDANT DAVID ROTH'S NOTICE OF REMOVAL**

Pursuant to 9 U.S.C. §§ 202, 203 and 205, and 28 U.S.C. §1441, Defendant David Roth ("Roth"), by and through his counsel, hereby gives Notice of the Removal to the United States District Court for the Southern District of Florida of Case No. 13-20458-CA-01 currently pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, filed by Plaintiff, Cool International Holdings, Ltd. ("CIHL") individually and derivatively on behalf of BE Tag Holdings, Ltd. ("BE Tag"), against Defendants, Blue Equity Petroholdings,

Ltd. ("BEP"), Blue Equity LLC ("Blue Equity"), Jonathan Blue, David Roth, and Maureen Smith, collectively "Defendants," as follows:[1],[2]

## I.     PRELIMINARY STATEMENT

On June 10, 2013, Plaintiff CIHL, a British Virgin Islands Company, individually and derivatively on behalf of BE Tag, filed this action, against the Defendants in Miami-Dade County Circuit Court in Florida (the "State Court Action"). The Shareholders Agreement signed by Plaintiff CIHL and Defendant BEP contains an agreement to arbitrate any disputes relating thereto. *See* Ex. 1, Cmplt. at Ex. B at ¶10.4.  Among the claims in the State Court Action is a claim against Defendant BEP for breach of this Shareholders Agreement. (Exhibit 1, ¶158).

Pursuant to the provisions of 9 U.S.C. §§ 202 and 203, a state court proceeding is deemed to arise under the laws and treaties of the United States if the subject matter thereof relates to an arbitration agreement involving a commercial contractual relationship, and any one of the following is present: (1) one or more of the parties to that relationship is a citizen of a foreign state; (2) the relationship concerns property located, or envisions performance or enforcement, abroad; or (3) it "has some other reasonable relation with one or more foreign states."  Under 9 U.S.C. §205 and 28 U.S.C. §1441, such an action is removable to the United States District

---

[1] Exhibit 1 attached hereto contains the docket sheet in the State Court Action and a copy of the entire file in the removed State Court action, including the Complaint and "all process, pleadings and other orders served upon" defendants, as required by 28 U.S.C. §1446(a). To the extent that any documents have been filed but are not reflected on the docket sheet, David Roth will supplement the record once they have been docketed in the State Court Action.

[2] Upon information and belief, David Roth, who agreed to accept service, is the only Defendant who has been properly served with process and as such the consent of other Defendants is unnecessary.  *See Johnson v. Wellborn*, 418 Fed. Appx. 809, 815 (11th Cir. 2011)("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served."); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008)("a defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process.").

Court for the district and division in which the state court lawsuit is pending. Accordingly, Defendant David Roth hereby removes the State Court Action filed in Miami-Dade County to this Court.

## II. RELEVANT FACTS

### A. The State Court Action "Relates To" a Shareholders Agreement that Contains an Agreement to Arbitrate.

#### 1. The State Court Action

CIHL alleges that it is a minority shareholder with the majority shareholder, Defendant BEP, in BE Tag. *See* Ex. 1, Cmplt. at 2. Both CIHL and BEP are signatories to the Shareholders Agreement. *See* Ex. 1, Cmplt. at Ex. B. The Complaint contains 9 Counts. The first claim is against BEP for alleged breach of the Shareholders Agreement. *See* Ex. 1, Cmplt. at 32-33. The claim asserts that the Shareholders Agreement "was intended to govern the parties operation and management of BE TAG and its subsidiaries," *id.* at ¶157, and that "BEP breached the Shareholders Agreement." *Id.* at ¶158. The second claim is against BEP for breach of the duty of good faith and fair dealing implied in the Shareholders Agreement. *See id.* at ¶163. The third claim (against Defendant BEP), the fourth claim (against Defendants Jonathan Blue and David Roth), and the fifth claim (against Defendant Maureen Smith), all assert claims for breach of fiduciary duty arising out of the actions taken by BEP or its directors and officers alleged to not be in the best interests of BE Tag. *See id.* at 34-40. The Shareholders Agreement defines the standards of conduct and fiduciary duties of "Director, officers, shareholders…and/or the Company's subsidiaries…" Ex. 1, Cmplt. at Ex. B. at § 8.11. The sixth count alleges that Defendants Blue Equity, Jonathan Blue and David Roth fraudulently induced CIHL into signing the Shareholders Agreement. *See* Ex. 1, Cmplt. at ¶192. Count seven alleges that Defendants Blue Equity, Jonathan Blue and David Roth were unjustly enriched by the receipt of additional

shares in BE Tag. *See id.* at ¶196.  Count eight is against Blue Equity, Jonathan Blue and David Roth for conversion of these same shares in BE Tag.  *See id.* at ¶202.  Count nine is for Declaratory Judgment, in part, under the Shareholders Agreement.  *See id.* at 44-45.  Plaintiff also requests the imposition of a constructive trust and permanent injunctive relief.  *See id.* at 46-47.

After filing the Complaint, and despite being advised that Defendant David Roth was being represented by counsel, Plaintiff proceeded without notice to obtain an Order on Ex Parte Motion for Temporary Injunction.  *See* Ex. 1 at Order on Ex Parte Mot. for Temp. Inj.  The Order, which Defendant David Roth will be moving to dissolve, *inter alia*, froze substantial assets belonging to David Roth.

## 2. **The Shareholders Agreement Contains an Agreement to Arbitrate.**

The Shareholders Agreement expressly provides that, if there are disputes concerning an "Arbitratable Matter," they are to be resolved "solely by binding arbitration pursuant to the United States Arbitration Act, 9 U.S.C. Section 1 *et seq.*"  Ex. 1, Cmplt. at Ex. B at §10.4(b).  "Arbitratable Matter" is defined as:

> …**any dispute**, controversy, claim, or assertion (as applicable, a "Dispute") by, between, or among any Shareholder(s) and/or the Company arising out of or **relating to this Agreement** and/or any of the Governing Instruments of the Company and/or any subsidiary of the Company and/or any of the transactions **and/or relationships contemplated herein** or therein (in each case, an "Arbitratable Matter"), including, but not limited to, any breach by any Party of the provisions of this Agreement and/or any dispute, controversy, claim, or assertion as to the interpretation of any provision of this Agreement and/or any of the Governing Instruments of the Company and/or any subsidiary of the Company or as to the arbitrability of any issue or asserted issue arising hereunder or thereunder…

*Id.* at §10.4(a) (emphasis added).

**B. One or More Parties to the State Court Action, Including the Plaintiff are Citizens of a Foreign State; the Relationship Among the Parties Concerns Property Located, or Performance Envisioned, Abroad; or the State Court Action Has "Other Reasonable Relation" With One or More Foreign States.**

A review of the Shareholders Agreement and the Complaint filed in the State Court Action confirms that CIHL is a British Virgin Islands Incorporated Company suing individually and derivatively in the right of and for the benefit of BE Tag Holdings, a St. Lucia International Business Company. Defendant BEP, also a signatory to the Shareholders Agreement, is a St. Lucia International Business Company. *See* Ex. 1, Cmplt. at Ex. B at 1. The Shareholders Agreement defines the business of BE Tag (previously named Cool Petroleum Holdings Limited) in part as "selling, distributing, marketing, exporting, importing, and otherwise dealing in and with respect to petroleum …, fuels, bio-fuels, lubricants, and related products and activities…within, to, in, or from Jamaica…" *Id.* at numbered page 2.

### III. BASIS FOR REMOVAL

Removal is proper because the subject matter of the State Court Action relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). In particular, 9 U.S.C. §205 provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the fact of the complaint but may be shown in the petition for removal.

In addition, 9 U.S.C. § 203 provides:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

For purposes of determining whether the State Court Action "falls under the Convention," reference must be made to 9 U.S.C. § 202, which provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.

Here, the State Court Action is removable pursuant to the foregoing sections of Title 9 of the United States Code because its subject matter relates to an arbitration agreement that arises out of a contractual relationship among commercial entities and: (1) involves the alleged rights, interests, property, and claims of CIHL, a British Virgin Islands corporation; (2) involves the rights, interests, property, and claims of BEP, a St. Lucia corporation; and (3) relates to TAG, a Jamaican Limited Company owned 100 percent by BE Tag, a St. Lucia International Company. Individually or collectively, those relationships constitute sufficient grounds for the removal of the State Court Action to the United States District Court for the Southern District of Florida.

### IV.   VENUE

Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. § 1441(a) and 9 U.S.C. § 205 because this district embraces the place where the removed State Court Action is pending.

## V.        OTHER REQUIREMENTS

This Notice of Removal is being filed within thirty (30) days of service of the Complaint upon Defendant David Roth and, thus, is timely filed under 28 U.S.C. § 1446(b).[3]  Moreover, under 9 U.S.C. § 205, removal is proper any time before trial, and trial of the State Court Action has not commenced.

Pursuant to 28 U.S.C. § 1446(d), Defendant David Roth is giving written notice of the filing of this Notice of Removal to Plaintiff's counsel.  Defendant David Roth is also filing a copy of this Notice of Removal with the Clerk of the Circuit Court in which the State Court action was originally filed.

WHEREFORE, Defendant David Roth respectfully requests that this Court take jurisdiction of this action to the exclusion of any further proceedings in the Circuit Court.

Respectfully submitted,

s/Stanley H. Wakshlag
Stanley H. Wakshlag (Fla. Bar No. 266264)
swakshlag@knpa.com
KENNY NACHWALTER P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

- and -

John D. Cox (*pro hac vice* application to be filed)
Scott Weinberg (Fla. Bar No. 0089430)
LYNCH, COX, GILMAN & GOODMAN, P.S.C.
500 West Jefferson Street, Ste. 2100
Louisville, Kentucky 40202
Telephone: (502) 589-4215
Facsimile: (502) 589-4994

---

[3] Counsel for Defendant David Roth agreed to accept service of the Complaint on June 18, 2013, and received it from Plaintiff's counsel via email on June 19, 2013.

## **CERTIFICATE OF SERVICE**

**I certify** that on June 19, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Robert Vaughan, Esq.
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue, Suite 2001
Fort Lauderdale, Florida  33394

*Via U.S. Mail with courtesy copy via email*

                                               s/Stanley H. Wakshlag

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: **Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Cool International Holdings, LTD

**DEFENDANTS**
Blue Equity Petro Holdings LTD, Blue Equity LLC, Jonathan Blue, David Roth, Maureen Smith

**(b)** County of Residence of First Listed Plaintiff   British Virgin Islands
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   St. Lucia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert C.L. Vaughan, Kim Vaughan Lerner LLP, One Financial Financial Plaza, Ste. 2001, Ft. Lauderdale, FL 33394, (954)527-1115

Attorneys *(If Known)*
Stanley H. Wakshlag, Kenny Nachwalter PA, 1100 Miami Center, 201 S. Biscayne Blvd., Miami, FL 33131, (305) 373-1000

**(d)** Check County Where Action Arose:   ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)* *(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):*
a) Re-filed Case  ☐ YES  ☒ NO       b) Related Cases  ☐ YES  ☒ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Breach of Contract with a Commercial Arbitration Clause, Breach of Fid. Duty, Fraudulent Inducement,
LENGTH OF TRIAL via 10-14 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE   6/19/13
SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  IFP _____  JUDGE _____  MAG JUDGE _____